IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CHRISTOPHER HEIEN, ANNA NGUYEN, )
ANNA MINIUTTI AND BENJAMIN )
SPILLER, ANTONIA AND ENDICOTT )
PEABODY, NICOLAI JAKOBSEN, )
HUMOUD AL SABAH, BRIAN EPSTEIN )
AND LAURA NESCI, RON LEVY, )
ANDREA MANGONE, )
individually and on behalf of themselves and all )
others similarly situated, )
             )
      Plaintiffs, )
             )
  -vs.            )
             ) Case No. _____
Archstone, Archstone Communities, LLC, )
Archstone Avenir LP, ASN Park Essex LLC, )
ASN Quincy LLC, ASN Quarry Hills LLC, )
ASN Bear Hill LLC, ASN North Point I LLC, )
Archstone North Point LLC, Archstone )
Cronin's Landing, ASN Watertown LLC, ASN )
Kendall Square, LLC, )
             )
      Defendants. )
             )

## NOTICE OF REMOVAL

Defendant Archstone hereby gives notice of the removal of this action from the Business Litigation Session of the Commonwealth of Massachusetts, C.A. No. 12-1881 B.L.S., to the United States District Court, District of Massachusetts, pursuant to 28 U.S.C. §§ 1332(d), 1446 and 1453. Defendant bases this removal on the provisions of the Class Action Fairness Act of 2005 ("CAFA"). The grounds for removal are as follows:

### I. Procedural Background and Nature of the Action

1. Plaintiffs filed this putative class action in the Business Litigation Session of the Commonwealth of Massachusetts on May 17, 2012, naming Defendant and eleven other related

#1539673

entities as defendants. Defendant accepted service of the Class Action Complaint on June 6, 2012. *(See* Attachment 1 to Affidavit of Diane R. Rubin ("Rubin Aff."), filed contemporaneously herewith).

2. Plaintiffs allege that defendants are civilly liable under M.G.L. c. 186 § 15B and c. § 93A for an amenity use fee charged in relation to Plaintiffs' residential leases at various Archstone communities in Massachusetts. (*See* Compl. ¶ 1, 2).

3. Plaintiffs purport to bring their case as a class action on behalf of "people who have lived at the nine Archstone buildings (Quincy, Kendall, Quarry Hills, Avenir, Watertown, Boston Common, Bear Hill, Cronin's Landing, and North Point Cambridge) from May 15, 2008 up to and including the present day." (Compl. ¶ 68).

4. Plaintiffs assert legal claims for violations of both the security deposit and consumer protection statues, unjust enrichment, and also seek declaratory judgment declaring Archstone's collection of amenity fees in violation those statutes. They seek recovery of their amenity fee plus interest, trebling of their alleged damages, plus fees, costs, and pre-judgment interest. (Compl. ¶¶ 77-94).

## II. This Case is Removable Under the Class Action Fairness Act

5. CAFA applies to civil class actions commenced on or after February 18, 2005. *See* CAFA § 9, Pub. L. No. 109-2 § 9, 119 Stat. 4, 14.

6. Plaintiffs filed and served their Class Action Complaint after the effective date of CAFA. As such, Defendant may remove this putative class action to federal court pursuant to CAFA so long as there are more than 100 proposed class members, minimal diversity exists between the parties, and there is at least $5 million in controversy. *See* 28 U.S.C. § 1332 (d)(2), (d)(5)(B) and (d)(d)(A).

*The Number of Proposed Class Members is Greater Than 100*

7.      Plaintiffs bring this action on behalf of a class consisting of "people who have lived at the nine Archstone buildings (Quincy, Kendall, Quarry Hills, Avenir, Watertown, Boston Common, Bear Hill, Cronin's Landing, and North Point Cambridge) from May 15, 2008 up to and including the present day." (Compl. ¶ 68.) Plaintiffs also allege that "[b]ased on the typical turnover in the apartment building industry, coupled with the number of units in the nine apartment complexes, the prospective class numbers in the thousands . . . ." (*Id.* at ¶ 69.)

8.      The requirement that the proposed class exceed 100 members is readily satisfied on the face of the Complaint. *See* 28 U.S.C. § 1332(d)(5)(B).

*Minimal Diversity Exists*

9.      Minimal diversity exists under CAFA if "any member of the class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2).

10.     Plaintiffs are citizens of Massachusetts, Arkansas, and Rhode Island.

(a)     Plaintiffs allege that they are residing in Arkansas, Massachusetts, and Rhode Island. (Compl. ¶¶ 1-9).

(b)     Plaintiffs further allege that they were residents of Archstone Quincy, Archstone Kendall, Archstone Quarry Hills, Archstone Avenir, Archstone Watertown, Archstone Boston Common, Archstone Bear Hill, Archstone Cronin's Landing, or Archstone North Point, all located in Massachusetts, during the relevant time period. (*Id.*)

(c)     Although "citizenship" of an individual for purposes of establishing diversity jurisdiction is equated with "domicile," and not mere "residence," it is entirely reasonable based on the allegations of the Complaint to conclude that Plaintiffs are domiciled in Massachusetts, Arkansas, and Rhode Island, i.e., that "it is the place where [they, as individuals, have their] true,

fixed home and principal establishment, and to which, whenever [they are] absent, [they] ha[ve] the intention of returning. " *See Valentin v. Hospital Bella Vista*, 254 F.3d 358, 366 (1st Cir. 2001).

11. Defendant Archstone is a citizen of the States of Maryland and Colorado.

(a) A corporation is deemed to be a citizen of both the state of its incorporation and of the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). Under CAFA, the citizenship of an "unincorporated association" is both that of the state under whose laws it was organized and of the state where it has its principal place of business. *See* 28 U.S.C. § 1332(d)(10).

(b) Plaintiffs' Complaint alleges that Defendant Archstone "is a voluntary association/trust organized to do business in Colorado with a Massachusetts office in Boston.

(c) In fact, Defendant Archstone is a real estate investment trust organized under Maryland law. (*See* Affidavit of Ariel Amir, Attachment 2 to the Rubin Aff., at ¶ 2.)

(d) As an unincorporated association, Defendant's principal place of business is defined by the location of its "nerve center" – meaning, normally, "where the corporation maintains its headquarters." *See Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (Feb. 23, 2010) (abrogating *Diaz-Rodriguez v. Pep Boys Corp.*, 410 F3d 56, 61 (1st Cir. 2005), which had required a determination as to whether the "never center test" or the "locus of operations test" would apply, depending on the characteristics of the entity).

(e) Archstone has no employees. It principally operates as a holding company. Archstone's senior officers are based at 9200 E. Panorama Circle, Englewood, Colorado and control company affairs and policy from that location. Archstone's legal functions are controlled from the same location. Archstone's only appreciable contacts with the public occur through its

senior officers in Englewood, Colorado. (*See* Amir Affidavit, Attachment 2 to the Rubin Aff., at ¶¶ 3-6.)

(f)   Based on these facts, Archstone should be considered a dual citizen of both Maryland and Colorado.

(g)   Archstone is therefore a citizen of at least one state different than that of Plaintiffs, and the minimal diversity requirement of 28 U.S.C. §1332(d)(2)(A) is satisfied.

***The CAFA Amount in Controversy Requirement is Satisfied***

12.   Under CAFA, "the claims of individual class members *shall be aggregated* to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6) (emphasis added). CAFA's statutory history makes clear that this aggregation rule must be applied liberally in favor of removal:

> Pursuant to new subsection 1332(d)(6), the claims of the individual class members in any class action shall be aggregated to determine whether the amount in controversy exceeds the sum or value of $5,000,000 (exclusive of interest and costs). *The Committee intends this subsection to be interpreted expansively.* If a purported class action is removed pursuant to these jurisdictional provisions, *the named plaintiff(s) should bear the burden of demonstrating that the removal was improvident* (i.e., that the applicable jurisdictional requirements are not satisfied).
>
> By the same token, the Committee intends that a matter be subject to federal jurisdiction under this provision if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief) . . . .
>
> The Committee also notes that in assessing the jurisdictional amount in declaratory relief cases, the federal court should include in its assessment the value of all relief and benefits that would logically flow from the granting of the declaratory relief sought by the claimants.

S. Rep. No. 109-14, at 42-43 (2005) (emphasis added).

13. Plaintiffs' aggregated claims exceed $5 million.

 (a) Plaintiffs seek to represent "people who have lived at the nine Archstone buildings (Quincy, Kendall, Quarry Hills, Avenir, Watertown, Boston Common, Bear Hill, Cronin's Landing, and North Point Cambridge) from May 15, 2008 up to and including the present day." (Compl. ¶ 68).

 (b) Plaintiffs in this matter each served ch. 93A demands on behalf of themselves and other residents of the Archstone community where they paid an amenity use fee. (*See* Compiled *Heien* Plaintiff Demand Letters, Attachment 3 to the Rubin Aff.) The sum total of Plaintiffs' written demands, which included a trebling of damages pursuant to ch. 93A, was $8,286,500. (*Id.*). These written demands are specifically referenced at Compl. ¶ 66.

 (c) On the face of Plaintiffs' ch. 93A demands alone, the amount at issue for all putative class members' claims exceeds $5 million.

 (d) Accordingly, this case satisfies CAFA's amount in controversy requirement of $5 million.

### III. Plaintiffs Will Be Unable To Show That Their Action Qualifies For a CAFA Exception

14. It is Plaintiffs' burden to prove that an exception to CAFA-based federal jurisdiction under CAFA applies. *Hannaford Bros. Co. Customer Data Security Breach Litig.*, 564 F.3d 75, 78 (1stCir. 2009) ("We hold that the burden is on the plaintiff to show that an exception to jurisdiction under CAFA applies."); *see also McMorris v. The TJX Companies, Inc.*, 493 F. Supp. 2d 158, 165 (D. Mass. 2007) ("As the proponent of the [CAFA] exception, [Plaintiffs' class] bears the burden" of proving its applicability).

15. If Plaintiffs move to remand this action based upon any exception to CAFA, including either the "home state" exception or the "local controversy" exception, they will be

unable to prove that their case qualifies. Defendant expressly reserves its right to further brief this issue if and when Plaintiffs move to remand this case to state court on either ground.

**III.   Defendant Has Complied With All Prerequisites for Removal.**

16.     Removal is timely under CAFA and 28 U.S.C. § 1446(b), which gives a removing party 30 days from service to remove an action to federal court. Defendant received the Complaint on May 18, 2012.

17.     Pursuant to 28 U.S.C. § 1446(d), Defendant will give Plaintiff contemporaneous written notice of this filing, and will file a copy of its Notice of Removal with the Business Litigation Session of the Commonwealth of Massachusetts.

18.     Pursuant to 28 U.S.C. § 1446(a), copies of all processes, pleadings and orders served upon Defendant are attached. (*See* Attachment 1 to the Rubin Aff.)

19.     Defendant reserves the right to amend or supplement this Notice of Removal, and they reserve all rights and defenses, including those available under Fed. R. Civ. P. 12.

## CONCLUSION

For all the reasons stated above, this action is a civil action over which this court has original jurisdiction pursuant to 28 U.S.C. § 1332(d).

**WHEREFORE**, Defendant respectfully removes this case to the United States District Court for the District of Massachusetts.

Respectfully submitted,

ARCHSTONE

By its attorneys,

/s/ *Diane R. Rubin*
Diane R. Rubin (BBO # 547088)
Amy B. Hackett (BBO# 676345)
PRINCE LOBEL TYE LLP
100 Cambridge Street, Suite 2200
Boston, MA 02114
(617) 456-8000
drubin@princelobel.com
ahackett@princelobel.com


Peter Strand, Esq. (to be admitted *pro hac vice*)
Rebecca J. Schwartz, Esq. (to be admitted *pro hac vice*)
SHOOK HARDY & BACON, LLP
2555 Grand Boulevard
Kansas City, MO 64108-2613
(816) 474-6550
PSTRAND@shb.com
RSCHWARTZ@shb.com

Dated: June 18, 2012