IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHRISTOPHER HEIEN, ANNA NGUYEN, ANNA MINIUTTI AND BENJAMIN SPILLER, ANTONIA AND ENDICOTT PEABODY, NICOLAI JAKOBSEN, HUMOUD AL SABAH, BRIAN EPSTEIN LAURA NESCI, RON LEVY, and ANDREA MANGONE, individually and on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> -vs.- <br><br> Archstone, Archstone Communities, LLC, Archstone Avenir LP, ASN Park Essex LLC, ASN Quincy LLC, ASN Quarry Hills LLC, ASN Bear Hill LLC, ASN North Point I LLC, Archstone North Point LLC, Archstone Cronin's Landing, ASN Watertown LLC, ASN Kendall Square LLC, <br><br> Defendants. | Case No. 1:12-CV-11079-RGS |

**MOTION FOR PETITION FOR ATTORNEYS' FEES AND COSTS**

**(Memorandum Incorporated)**

This case is a class action alleging that the defendants, all of which are owners of residential property, charged fees to their tenants that are unlawful under G.L. c. 186 §15B and G.L. c. 93A §2. The parties reached a settlement over a series of dates in late 2013. The Court preliminarily approved the settlement on March 27, 2014. Class counsel Arrowood Peters, LLP, Fogelman and Fogelman, LLC, and the Law Office of Joshua N. Garick, P.C. now respectfully petition, pursuant to Fed.R.Civ.P. 23(h) and 54(d), for attorneys' fees and costs in the amount of $429,000, and submit this memorandum in support of their petition.

1

**BACKGROUND**

The factual and procedural background of this case, the relevant legal issues at play, and a description of the settlement agreement entered into by the parties are all detailed in the memorandum submitted by the plaintiffs in support of their motion for class certification and preliminary approval of the proposed settlement. To summarize, this is a case challenging Archstone's imposition of so-called "amenity fees" on tenants in alleged violation of the Security Deposit Law, G.L. c. 186 §15B. The defendants are owners of residential complexes and were originally defendants in a closely-related matter, Hermida v. ASN Reading LLC, No. 1:10-CV-12083-WGY (D. Mass). The Hermida Court (Young, J.) allowed summary judgment in favor of all the defendants except ASN Reading on the ground that the named plaintiffs had only been tenants of ASN Reading's. Accordingly, the court found that the Hermidas lacked standing to pursue an action against the other defendants. The plaintiffs (Heien, et. al. ) subsequently sued the other Archstone defendants in state court. The defendants removed the matter to federal court and shortly thereafter moved for a stay of proceedings. This Court allowed the motion for stay pending resolution of Hermida. During the period of over a year when this matter was stayed, Hermida continued to be actively litigated.[1]

The parties reached a settlement in Hermida on November 11, 2013. That settlement paved the way for the settlement of *this matter* within a matter of weeks, given the substantial overlap in parties, counsel, facts and legal issues. In line with the Proposed Settlement, the plaintiffs submitted a motion for preliminary class certification, appointment of class counsel, and preliminary approval of the settlement which was allowed by the Court on March 27, 2014. The Court then scheduled a final approval hearing for June 16, 2014 before Judge Young.

---

[1] To aid the Court in rendering a decision on the present Petition, Plaintiffs' counsel have attached their timesheets for this matter as Exhibits A - C. They have also attached affidavits relating to the timesheets as Exhibit D - F.

Under the terms of the Proposed Settlement now awaiting final approval, Archstone has agreed to fund a $1,300,000 Settlement Fund for the benefit of the <u>Heien</u> class. The parties agreed that class counsel would apply to the Court for an award of reasonable attorneys' fees and costs. Plaintiffs' counsel agreed to apply for a maximum of thirty-three percent of the value of the Settlement Fund as reasonable attorneys' fees and expenses. The defendants agreed not to oppose an award of up to fifteen percent of the value of the fund.

## ARGUMENT

"[L]awyers whose efforts succeed in creating a common fund for the benefit of a class are entitled not only to reasonable fees, but also to recover from the fund, as a general matter, expenses, reasonable in amount, that were necessary to bring the action to a climax." <u>In re Fidelity/Micron Secs. Litig. v. Fidelity Magellan Fund</u>, 167 F.3d 735, 737 (1st Cir. 1999); <u>see</u> Fed.R.Civ.P. 23(h) ("In a certified class action, the court may award reasonable attorney's fees and nontaxable costs"); <u>Boeing Co. v. Van Gemert</u>, 444 U.S. 472, 478 (1980). This "common fund doctrine" prevents the unjust enrichment of class members in a class action who did not contribute to the expenses of the litigation; instead, the costs of the litigation are spread proportionately among those benefitted by the suit. <u>Van Gemert</u>, 444 U.S. at 478 (1980).

**I.  THE COURT SHOULD ADOPT THE PERCENTAGE OF THE FUND METHOD IN CALCULATING ATTORNEYS' FEES.**

As a general matter, of course, parties pay their own counsel, but fee-shifting provisions constitute an important part of the legal landscape. Attorneys' fees are typically calculated either by the percentage of the fund method or the lodestar method, or in instances by some

3

combination of the two. The lodestar equals the product of the hours reasonably spent by the attorneys and their reasonable hourly rates. Swedish Hosp. Corp. v. Shalala, 1 F.3d 1261, 1263 (D.C. Cir. 1993)

Where attorneys' fees are awarded pursuant to a statutory fee-shifting provision, the lodestar method is favored. In re Thirteen Appeals Arising out of the San Juan Dupont Plaza Hotel Fire Litig., 56 F.3d 295, 305 (1st Cir. 1995). In common fund cases, by contrast, the percentage of the fund method is favored for calculating attorneys' fees, although the lodestar remains an option. See id. at 307 ("Our decision is driven both by our recognition that use of the POF method in common fund cases is the prevailing praxis and by the distinct advantages that the POF method can bring to bear in such cases"); Mann & Co., PC v. C-Tech Indus., 2010 U.S. Dist. LEXIS 9922 at *2 (D. Mass. 2010) ("the trend has increasingly favored the calculation of a fee award by use of the percentage of the fund (POF) …"); accord Swedish Hosp. Corp. 1 F.3d at 1271 ("a percentage-of-the-fund method is the appropriate mechanism for determining the attorney fees award in common fund cases"). In line with general practice, and also in line with the public interest in the efficient resolution of class actions and the equitable considerations at play in this particular matter, the Court should compute attorneys' fees through the common fund method.

### A. The Percentage of the Fund Method Encourages Efficient Resolution of Class Action Disputes.

There are a number of reasons why the percentage of the fund method is the superior option for the calculation of attorneys' fees in a class action. The percentage of the fund approach is often less burdensome to administer, encourages more efficient use of time by counsel, and better approximates the workings of the marketplace than the lodestar method. In re

Thirteen Appeals, 56 F.3d at 307; Duhaime v. John Hancock Mut. Life Ins. Co., 989 F. Supp. 375, 377 (D. Mass. 1997). Additionally, the POF method avoids the "strong disincentive to early settlement" created by the lodestar method. In re Thirteen Appeals, 56 F.3d at 307; Duhaime, 989 F. Supp. at 377. In short, the percentage of the fund method encourages efficient resolution of disputes and the generation of the greatest possible benefit for the class, while the lodestar method encourages inefficiency and a corresponding decrease in the ultimate benefit to a class.

This action presents a perfect example of the efficient resolution of a class action dispute. Once the Hermida case was resolved, after hard-fought litigation and with new defense counsel in place, plaintiffs' counsel engaged in no wasted time or effort, quickly bringing the Heien matter to a resolution – with a very substantial benefit to class members. Once the stay was lifted, the resumption of motion practice and discovery would have ultimately yielded a higher lodestar but likely would not have benefited the class. Thus, in adopting the POF method in this case, the Court would send the message to other class counsel that the most important thing is to achieve results for class members, not incur the maximum number of billable hours possible.

### B. **Employment of the Lodestar Method Would Not Be Equitable Under the Circumstances.**

The Court should also adopt the POF method because use of the lodestar method would not be equitable under the unique circumstances of this particular case. The lodestar in this matter is, of course, fairly low, since it was removed to federal court shortly after the complaint was filed and stayed a matter of weeks after that. That motion for stay was opposed by the plaintiffs. Had the motion been denied, class counsel would have advanced the interests of the putative class as actively as they did in Hermida, with a correspondingly higher lodestar. This Court has indicated its hesitation to "unnecessarily penalize counsel for bringing [a] case to

quick resolution." <u>Krausz v. ING Invs</u>. LLC, 2008 U.S. Dist. LEXIS 4657 (D. Mass. 2008). In a similar vein, where class counsel were willing and able to perform work reasonably necessary to the advancement of the litigation but could not do so due to circumstances beyond their control, it would not be equitable to rely on the lodestar method to assess attorneys' fees.

Additionally, the Court should adopt the POF method because it more accurately reflects the benefits that class counsel have created for members of the <u>Heien</u> class. A central concern in the award of attorneys' fees is to represent the "ensemble of services rendered" to the class rather than "individual hours." <u>In re Thirteen Appeals</u>, 56 F.3d at 307, <u>quoting</u> <u>In re Continental Ill. Sec. Litig.</u>, 962 F.2d 566, 572 (7th Cir. 1992). Here, class counsel have been able to achieve a very substantial benefit, worth $1,300,000, to class members. They achieved this benefit through significant risk to themselves, because the proper interpretation of G.L. c. 186 §15B regarding the charging of amenity fees was – and remains – a question unresolved by appellate courts, either in the state or federal systems. The lodestar is not commensurate with the results that class counsel achieved or the risk they undertook in commencing this litigation on behalf of the lead plaintiffs.

## II.   **AN AWARD OF THIRTY-THREE PERCENT OF THE CLASS SETTLEMENT FUND IS REASONABLE UNDER THE CIRCUMSTANCES.**

Should the Court elect to utilize a percentage of the fund method for assessing attorneys' fees and costs, it will need to determine an appropriate percentage. Class counsel request that the Court award thirty-three percent of the Settlement Fund. Archstone has agreed not to contest an award of up to fifteen percent.

In fashioning an appropriate award under the percentage of the fund approach, the court need not evaluate a fixed list of factors. <u>Mann & Co., PC v. C-Tech Indus.</u>, 2010 U.S. Dist.

LEXIS 9922 at *2-3 (D. Mass. 2010); In re Lupron Mktg. & Sales Practices Litig., 2005 U.S. Dist. LEXIS 17456 at *12 (D. Mass. 2005). The complexity of the legal issues in play and the intensity of the litigation can be factors in arriving at an appropriate percentage. See Mann & Co., 2010 U.S. Dist. LEXIS 9922 at *3-4.

This matter involved litigation of a complex legal issue that Judge Young in Hermida referred to as a "case of first impression." Hermida v. Archstone, 826 F. Supp. 2d 380, 381 (D. Mass. 2011). It had never been addressed by any appellate court, and had only been addressed by Judge Young in litigation that was entirely entwined with this matter. These facts militate in favor of allowing class counsels' thirty-three percent request.

Obviously, the Heien matter by itself did not involve intense litigation, given the imposition of the stay. However, as discussed above, this matter is extremely closely related to Hermida, and indeed only was filed because Judge Young concluded that the Hermidas did not have standing to assert claims against the defendants to this action. The legal issue is the same, and the lawyers are largely the same, and while the defendants are not the same corporations, they share many of the same owners and present themselves to the outside world as "Archstone." Accordingly, the Court must consider the effort that class counsel devoted to Hermida in assessing what constitutes an appropriate award in Heien.

Hermida was actively litigated, involving dispositions, documentary discovery, two motions for summary judgment, a contested motion for class certification and the defendant's petition to appeal an unfavorable ruling on that motion, extensive briefing on the issue of whether attorneys' fees were awardable under G.L. c. 93A, and the plaintiffs' petition for the federal district court to certify questions to the Massachusetts Supreme Judicial Court.[2] This

---

[2] This petition was withdrawn to pursue settlement discussions, which were ultimately fruitful.

matter could not have been settled absent the effort in Hermida. It is only right that that effort it be taken into account in calculating the award.

Finally, the Court should take into account that class counsel have elected to fold their request for reasonable costs or expenses into their overall fee requests. As shown on their billing sheets (mainly those of the Fogelman firm), they incurred nearly $5,000 in expenses in pursuit of this litigation, mostly in filing fees and postage.

Taking into account the legal issues in play, the results achieved, and the risk that class counsel took in pursuing this litigation, thirty-three percent is a reasonable figure.[3] District Courts throughout the country have approved thirty-three percent awards. See, e.g., Malanka v. de Castro, 1990 U.S. Dist. LEXIS 18171 (D. Mass. Nov. 20, 1990) at *3 (approving a petition for fees seeking approximately 33% of the common fund); Khait v. Whirlpool Corp., 2010 U.S. Dist. LEXIS 4067 (E.D.N.Y. Jan. 20, 2010) at *9; Retsky Family Ltd. P'ship v. Price Waterhouse LLP, 2001 U.S. Dist. LEXIS 20397 (N.D. Ill. Dec. 6, 2001) at *11; see also In re Pharm. Indus. Average Wholesale Price Litig., 2008 U.S. Dist. LEXIS 111835 (D. Mass. Oct. 2, 2008) (court approving award of 30% of common fund). By contrast, the fifteen percent figure that the defendants will not oppose falls well below the range typically approved by the courts. See Swedish Hosp. Corp. 1 F.3d at 1272. In light of all the circumstances, the Court should exercise its discretion to allow the full $429,000 award to class counsel.

## CONCLUSION

For the reasons stated above, class counsel request that the Court allow their Petition for Attorneys' Fees and Costs in the amount of $429,000.

---

[3] In addition, Plaintiffs' counsel and the class representatives have contingency agreements calling for 33.33% contingency fees.

        Respectfully Submitted,

        /s/ *Kevin T. Peters*
        Kevin T. Peters (BBO # 550522)
        ARROWOOD PETERS LLP
        10 Post Office Square
        Boston, MA 02109
        (617) 849-6200
        kpeters@arrowoodpeters.com


        /s/ *Matthew J. Fogelman*
        Matthew J. Fogelman (BBO # 653916)
        FOGELMAN & FOGELMAN LLC
        100 Wells Avenue
        Newton, MA 02459
        (617) 559-1530
        mjf@fogelmanlawfirm.com


        /s/ *Joshua N. Garick*
        Joshua N. Garick (BBO # 674603)
        LAW OFFICES OF JOSHUA N. GARICK
        100 Trade Center, Suite G-700
        Woburn, MA 01801
        (617) 600-7520
        joshua@garicklaw.com


Dated: June 3, 2014


**CERTIFICATE OF SERVICE**

    I, Matthew Fogelman, hereby certify that this document has been filed through the ECF system, will be sent electronically to the registered participants as identified on the notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on this date.

        */s/ Matthew J. Fogelman*